**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; International Union, United Automobile, Aerospace and Agricultural Implement Workers of America Local No. 917; Gerald C. Kuemerle; Donald G. Dolan; and Alfred A. Porter, Jr., Plaintiffs-Appellants,**

v.

**DYNEER CORPORATION; Mike Forchione; David C. Margo; and Spun Steel Division of Dyneer Corporation Pension Plan for Hourly-Rate Employees, Defendants-Appellees.**

No. 83–3401.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 9, 1984.

Decided Oct. 16, 1984.

Eugene Green, Ronald G. Macala, Canton, Ohio, M. Jay Whitman, argued, Detroit, Mich., for plaintiffs-appellants.

William H. Wallace, David L. Parham, argued, Thompson, Hine & Flory, Cleveland, Ohio, for defendants-appellees.

---

* Honorable Thomas A. Ballantine, Jr., United States District Court for the Western District of Kentucky, sitting by designation.

Before MARTIN and JONES, Circuit Judges, and BALLANTINE, District Judge.*

PER CURIAM.

This matter is before the Court upon appellants' appeal from the district court's order, which denied its motion but granted appellee's motion for summary judgment. Upon consideration of the issues presented by this appeal, we affirm the district court's order.

In November, 1981 appellee, Dyneer Corporation (Dyneer), closed its Spun Steel Division. After the closing, Dyneer reviewed the pension plan (Plan), which arose out of a collective bargaining agreement between Dyneer and appellants, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its Local 917 (UAW). After its review, Dyneer wanted to terminate the Plan and convert it into individual annuities. Subsequent to the conversion and termination Dyneer intended to recoup any remaining surplus funds. On March 9, 1982, however, UAW filed a complaint as a prophylactic measure to preclude Dyneer's recoupment.

In its complaint, UAW set forth four allegations regarding Dyneer's intended recoupment. First, recoupment would violate both the collective bargaining agreement and the pension agreement. Second, recoupment would violate the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (ERISA). Third, recoupment would result in Dyneer's unjust enrichment. Fourth, recoupment would result in a breach of the Plan's trustees' collective fiduciary duty as defined by ERISA.

Both Dyneer and UAW moved for summary judgment. In a memorandum opinion the district court denied UAW's motion, but granted Dyneer's motion for summary judgment. In addressing the cross-motions for summary judgment the district court noted that although ERISA limits an em-

ployer's right of recoupment,[1] ERISA also provides an exception to that limitation. That exception, which is found in 29 U.S.C. § 1344(d)(1), provides that:

[A]ny residual assets of a single-employer plan may be distributed to the employer if—

(A) all liabilities of the plan to participants and their beneficiaries have been satisfied,

(B) the distribution does not contravene any provision of law, and

(C) the plan provides for such a distribution in these circumstances.

Our review of the exception's application in the instant case, however, need only consider the application of § 1344(d)(1)(C), since neither party disputed the applicability of § 1344(d)(1)(A)–(B) in the district court. *Aluminum Co. of America v. Sperry Products, Inc.*, 285 F.2d 911 (6th Cir.1960), *cert. denied*, 368 U.S. 890, 82 S.Ct. 139, 7 L.Ed.2d 87 (1961).

In determining the applicability of § 1344(d)(1)(C) an analysis of the Plan is necessary because under § 1344(d)(1)(C) the Plan determines the availability of the right to recoupment. Articles I–VI of the Plan do not relate to recoupment, but instead to a myriad of topics such as: definitions (I), crediting of service (II), eligibility (III), retirement benefits (IV), payment of benefits (V), trust fund and trustees (VI). Article VII, which is entitled "Miscellaneous," however, states that upon the Plan's termination or amendment, not "all of any part of the Trust Fund [should] be used for or diverted to purposes other than for the exclusive benefit of Employees or their beneficiaries...." That statement and another similar one found in Article IX establishes the Plan's exclusivity. Hence, the district court's statement, that "[t]he Plan generally prohibits ... [Dyneer] from recouping ..." is correct.

Article IX and Article XI each establish the one exception to that general prohibition. Article IX states, in pertinent part, that the "remaining part of the Trust Fund, if any, as may be the result of actuarial error may revert to ... [Dyneer]." Article XI states, in pertinent part, that "any surplus attributable to actuarial error shall be returned to [Dyneer]." Hence, the district court's conclusion, that Dyneer's recoupment depends upon the existence of an "actuarial error," is correct. Consequently, the definition of an "actuarial error," is the real point upon which Dyneer's entitlement turns.

The district court adopted the Internal Revenue Service's most recent definition of an "actuarial error." That definition states that "when fixed and contingent liabilities are discharged through the purchase of a contract or contracts from insurance company [sic] which provides the benefits with respect to individuals for whom the liabilities are determined, the remaining assets may be considered surplus arising from actuarial error...." Rev.Rul. 83–52, 1983–13 C.B. 87. In support of its adoption the district court cited the lower court opinion in *Washington Baltimore Newspaper Guild Local 35 v. Washington Star Co.*, 555 F.Supp. 257 (D.D.C.1983); and *In re C.D. Moyer Co. Trust Fund*, 441 F.Supp. 1128 (E.D.Pa.1977). Those opinions have been affirmed. *Washington Star Co.*, 729 F.2d 863 (D.C.Cir.1984), *aff'g* 555 F.Supp. 257 (D.D.C.1983); *In re C.D. Moyer Co. Trust Fund*, 582 F.2d 1273 (3rd Cir.1978), *aff'g*, 441 F.Supp. 1128 (E.D.Pa.1977). Those affirmances are the persuasive authority upon which we base our affirmance.

For the foregoing reasons we AFFIRM the judgment of the district court.

---

**1.** 29 U.S.C. § 1103(c)(1) provides:
[e]xcept as provided in paragraph (2), (3), or (4) or subsection (d) of this section, or under sections 1342 and 1344 of this title (relating to termination of insured plans), the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan.